

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700       (973) 645-2700
Newark, New Jersey 07102

LJW/PL AGR
2015R00324

October 19, 2015

Maria D. Noto, Esq.
Law Firm of Maria D. Noto, P.C.
746 State Route 34
Suite 8
Matawan, NJ 07747

Crim. No. 15-558(SDW)

      Re:    <u>Plea Agreement with Alaa Saadeh</u>

Dear Ms. Noto:

      This letter sets forth the plea agreement between your client, Alaa Saadeh, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed original must be received by this Office no later than close of business on October 23, 2015. If an executed agreement is not returned to this Office by that date, this offer will expire.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Alaa Saadeh to a one-count Information charging him with, between in or about October 2014 and on or about May 21, 2015, knowingly and unlawfully conspiring and agreeing with others to provide material support and resources, as defined in 18 U.S.C. § 2339A(b), including services and personnel, to a foreign terrorist organization, namely the Islamic State of Iraq and the Levant, knowing that the organization was a designated foreign terrorist organization, and that the organization had engaged and was engaging in terrorist activity and terrorism, in violation of 18 U.S.C. § 2339B(a)(1). If Alaa Saadeh enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Alaa Saadeh related to providing material support to a foreign terrorist organization as described in the Criminal Complaint, docketed under Mag. No. 15-7200 (CLW).

1

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Alaa Saadeh agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Alaa Saadeh may be commenced against him, notwithstanding the expiration of the limitations period after Alaa Saadeh signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 2339B(a)(1) to which Alaa Saadeh agrees to plead guilty carries a statutory maximum prison sentence of fifteen years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Alaa Saadeh is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Alaa Saadeh ultimately will receive.

Further, in addition to imposing any other penalty on Alaa Saadeh, the sentencing judge: (1) will order Alaa Saadeh to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Alaa Saadeh to pay restitution pursuant to 18 U.S.C. § 3663, *et seq*; and (3) pursuant to 18 U.S.C. § 3583(j) may require Alaa Saadeh to serve a term of supervised release of any term of years or life, which will begin at the expiration of any term of imprisonment imposed. Should Alaa Saadeh be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Alaa Saadeh may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

  Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Alaa Saadeh by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Alaa Saadeh's activities and relevant conduct with respect to this case.

Stipulations

  This Office and Alaa Saadeh agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Alaa Saadeh from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

  As set forth in Schedule A, this Office and Alaa Saadeh waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Alaa Saadeh consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in any electronic storage devices, computers, and/or smartphones recovered during a search of his residence and person on June 29, 2015 (the "Forfeited Property").

Alaa Saadeh waives all challenges of any kind to the forfeiture and abandonment of the Forfeited Property by federal, state, and/or local law enforcement. Alaa Saadeh further waives any additional notice requirement in connection with the forfeiture and abandonment of the Forfeited Property and consents to the disposition of the Forfeited Property at the discretion of federal, state, and/or local law enforcement.

Alaa Saadeh hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Alaa Saadeh understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Alaa Saadeh understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Alaa Saadeh wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Alaa Saadeh understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Alaa Saadeh waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Alaa Saadeh. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Alaa Saadeh.

No provision of this agreement shall preclude Alaa Saadeh from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Alaa Saadeh received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Alaa Saadeh and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By:   L. JUDSON WELLE
      DENNIS C. CARLETTA
      Assistant U.S. Attorneys

APPROVED:

_____
Anthony Moscato
Chief, National Security Unit

5

I have received this letter from my attorney, Maria D. Noto, Esq., and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 10/22/2015
Alaa Saadeh


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 10/22/2015
Maria D. Noto, Esq.

Plea Agreement with Alaa Saadeh

Schedule A

1. This Office and Alaa Saadeh recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Alaa Saadeh nevertheless agree to the stipulations set forth herein. This Office and Alaa Saadeh further agree that neither party will argue for the imposition of a sentence or pursue an appeal, post-sentence motion, or collateral attack of the sentence contrary to the terms of this agreement.

2. The version of the United States Sentencing Guidelines in effect on the date of sentencing will apply in this case. The parties agree that U.S.S.G. § 2M5.3 applies, which results in a Base Offense Level of 26. The parties agree that the two-level increase called for under § 2M5.3(b) does not apply.

3. The parties agree that the offense involved and was intended to promote a federal crime of terrorism. Therefore, the parties agree that U.S.S.G. § 3A1.4 applies to the instant offense. Accordingly, the parties agree that the Base Offense level is increased 12 levels and the defendant's criminal history category becomes category VI.

4. As of the date of this letter, Alaa Saadeh has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Alaa Saadeh's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Alaa Saadeh has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1 point reduction in Alaa Saadeh's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Alaa Saadeh enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Alaa Saadeh's acceptance of responsibility has continued through the date of sentencing and Alaa Saadeh therefore qualifies for a 2 point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Alaa Saadeh's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. The parties recognize that the court is not authorized to sentence the defendant to a term of imprisonment greater than the applicable statutory maximum, which is fifteen (15) years.

### Waiver of Appeal and Collateral Attack

7.	Alaa Saadeh knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if the court sentences the defendant to a term of imprisonment of fifteen (15) years or less. This Office will not file any appeal, motion, or writ that challenges the sentence imposed by the sentencing court if the court sentences the defendant to a term of imprisonment of fifteen (15) years. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8.	Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.